JOHN L. BURRIS, ESQ., (Bar No. 69888)
BENJAMIN NISENBAUM, ESQ., (Bar No. 222173)
CHRISTOPHER A. DEAN, ESQ., (Bar No. 550322)
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@gmail.com
chris.dean@johnburrislaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORTEZ, an individual, HILMA CORTEZ , an individual, as co-successors-in-interest to Decedent Michael Cortez, J.S., a minor by and through her Guardian Ad Litem, Serina Sagon, individually and as co-successor-in-interest to Decedent, L.C., a minor by and through her Guardian Ad Litem, Ashley Mabutas, individually and as co-successor-in-interest to Decedent. <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendants. <br><br> M.P.C., a minor, by his mother Justine Pasion, successor –in-interest to Decedent Michael Cortez, <br><br> Nominal Defendant. | CASE NO.: 3:23-cv-01222-TSH <br><br> **THIRD AMENDED COMPLAINT FOR DAMAGES** <br><br> JURY TRIAL DEMANDED |

## INTRODUCTION

1. On September 13, 2021, Michael Cortez (hereinafter "Decedent") was in a U-U Smoke Shop in Oakland, CA. Decedent was accompanied by his friend who waited outside the shop for him. While shopping in the U-U Smoke Shop, a white vehicle pulled near the smoke shop. A FBI agent exited the white vehicle and carried what witnesses believed to be a gun. The FBI agent aggressively bypassed Decedent's friend and went into the U-U Smoke Shop with his gun drawn. Seconds later, witnesses heard a gunshot. Decedent was shot in his chest area while crouching. Decedent was taken to Highland Hospital, however before medical attention could be rendered, Decedent succumbed to his injuries.

## JURISDICTION AND VENUE

2. Title 28 of the United States Code, § 1331 and 1343 confers jurisdiction upon this Court. Title 28 of the United States Code, § 1331 and 1342 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein took place in the County of Alameda, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over the Plaintiff's state law causes of action under 28 U.S.C. § 1367.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

4. Decedent MICHAEL CORTEZ was an individual residing in the state of California. Decedent was unmarried and did not file any legal actions prior to his death. To the extent that this

action seeks to recover damages for the violation of rights personal to MICHAEL CORTEZ, this action is maintained by his mother, father and children as co successors-in-interest, Charles Cortez, Hilma Cortez, J.S., a minor by and through her Guardian Ad Litem, Serina Sagon, and L.C., a minor by and through her Guardian Ad Litem, Ashley Mabutas.

5. Plaintiff CHARLES CORTEZ (hereinafter "Mr. CORTEZ" or "PLAINTIFF") is and was at all times herein mentioned the biological father of Decedent MICHAEL CORTEZ and is a resident of the state of California and is a United States Citizen. Plaintiff acting in his individual capacity as the biological father of Decedent MICHAEL CORTEZ and as successor-in-interest to Decedent MICHAEL CORTEZ

6. Plaintiff HILMA CORTEZ (hereinafter "Mrs. CORTEZ" or "PLAINTIFF") is and was at all times herein mentioned the biological mother of Decedent MICHAEL CORTEZ and is a resident of the state of California and is a United States Citizen. Plaintiff acting in her individual capacity as the biological mother of Decedent MICHAEL CORTEZ and as successor-in-interest to Decedent MICHAEL CORTEZ.

7. Plaintiff J.S., a minor by and through her guardian ad litem Serina Sagon, is and was at all times relevant to this action, the biological daughter of Decedent. Plaintiff sues in her individual capacity and as co-successor-in-interest to Decedent.

8. Plaintiff L.C., a minor by and through her guardian ad litem Ashley Mabutas, is and was at all times relevant to this action, the biological daughter of Decedent. Plaintiff sues in her individual capacity and as co-successor-in-interest to Decedent.

9. Nominal Defendant M.P.C., a minor, is and was at all times relevant to this action, the biological son of Decedent.

10. Defendant UNITED STATES OF AMERICA (hereinafter "U.S.A." or "Defendant") for actions of the Federal Bureau of Investigation. At all times herein mentioned, the FBI, existing as an agency for the UNITED STATES OF AMERICA possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the FBI and its tactics, methods, practices, customs and usage. At all relevant times, Defendant U.S.A. was the employer of agent JOHN DOE and DOES 1-50 Defendants.

11. Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 50, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

12. In engaging in the conduct described herein, Agent John Doe, whose identity has not yet been ascertained, acted under the color of law and in the course and scope of his employment with the Federal Bureau of Investigation (FBI). In engaging in the conduct described herein, John Doe exceeded the authority vested in him as an agent under the United States and California Constitutions and as an agent employed by the FBI.

## ADMINISTRATIVE PREREQUISITES

13. Plaintiffs are required to comply with the Federal Tort Claims Act (FTCA), which is an administrative tort claim procedural requirement under Federal law. On March 15, 2022, Plaintiffs presented their claims in compliance with the FTCA. On September 16, 2022, Plaintiffs received notice that the United States of America rejected their claim. Plaintiffs have exhausted all administrative remedies pursuant to the Federal Tort Claims Act.

**GENERAL ALLEGATIONS**

14. This incident took place on September 13, 2021 during the afternoon. The location of the incident was at the U-U Smoke Shop located at 2585 Fruitvale Avenue, Oakalnd, CA 94601. The incident arose when Decedent was shot and killed by an FBI agent without warning or justification. On the day of the incident, Decedent was in the U-U Smoke Shop purchasing items. Decedent's friend waited outside the smoke shop while Decedent shopped. As Decedent's friend waited outside he noticed a white vehicle pull up behind him and park on the corner of Fruitvale Avenue and Blossom Street. Decedent's friend noticed a white male exit the vehicle on the driver's side of the car and run around the front of the vehicle. Decedent's friend noticed that the white male, who is alleged to be agent John Doe was wearing plain clothes. Agent John Doe ran around the car and was carrying what Decedent's friend thought was a weapon. Video footage that was publicly released by the Oakland Police Department shows Agent John Doe carrying an object that resembled a gun as he entered the U-U Smoke Shop.

15. Agent John Doe approached the U-U Smoke Shop and pushed pass Decedent's friend yelling, "get out the way" before entering the U-U Smoke Shop. Within seconds of agent John Doe entering the U-U Smoke Shop, witnesses heard a gun shot. In addition, witnesses did not hear agent John Doe identify himself as a law enforcement agent nor did witnesses hear him make any commands to Decedent as he entered the store.

16. A store clerk at the U-U Smoke Shop, who frequently sold items to Decedent and sold items to Decedent on the day of the incident, stated that agent John Doe was dressed in plain clothes and ran into the store pointing his gun. The store clerk thought it was a robbery, therefore he ran into a safe area of the store. Plaintiffs, under information and belief, believe that Decedent also attempted to run to a safe area of the store as the agent entered the shop with his gun drawn. Decedent was shot

in his chest area just medial to his right arm pit. Decedent bled out and died shortly after being shot due to the amount of blood he lost.

17. Plaintiff's believe that Decedent was executed without reasonable justification or cause. Decedent did not have a weapon in his hand and was crouched in a surrendering position. Decedent did not pose a imminent threat to the FBI agent nor to the community at large. Thus, agent John Doe actions were reckless, negligent and unwarranted. As a consequence of Defendant and DOES 1-50 negligence, Decedent died from his injuries.

## **FIRST CAUSE OF ACTION**
**(Wrongful Death – Negligence)**
**(Plaintiffs Against Defendant United States of America)**

18. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 17 of this Complaint.

19. Defendants are liable for injuries caused by their failure of duty to use reasonable care. At all times mentioned herein, Defendant and DOES 1-50 were acting within the course and scope of their employment and/or agency with the FBI.

20. The involved FBI agent, John Doe had a duty to use reasonable care when he shot Decedent, Michael Cortez. Agent John Doe shot Decedent despite the fact Decedent was alleged to be unarmed and kneeling down and a surrendering position. John Doe shot Decedent despite the fact that Decedent did not present a threat to the safety of John Doe or the public at large. As a direct and proximate cause of John Doe's negligence, Decedent suffered a gunshot wound to his chest area just medial to his right arm pit, which resulted in Decedent losing his life.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Assault/Battery)
### (Against Defendant United States of America)

21. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 20 of this Complaint.

22. Defendants touched Decedent with the intent to harm or offend him.

23. Decedent did not consent to the touching and was harmed by it.

24. A reasonable person in Decedent's situation would have been offended by the touching.

25. Defendants' conduct caused Decedent to suffer physical injury, pain and suffering, loss of income, loss of life, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

26. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Decedent's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

27. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For Compensatory damages in a sum according to proof;

2. For general damages in a sum according to proof;

3. For special damages in a sum according to proof;

4. For such other and further relief as the Court deems just and proper.

1  Dated: October 12, 2023                           **Law Offices of John L. Burris**

3                                                    /s/ *John L. Burris* ___
                                                     John L. Burris
4                                                    Attorney for Plaintiffs