1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2  MICHELLE LO (NYBN 4325163)
   Chief, Civil Division
3  ANDREW MAINARDI (CABN 338085)
   Assistant United States Attorney
4

5      1301 Clay Street, Suite 340S
       Oakland, CA 94612
6      Telephone: (510) 788-3509
       Facsimile: (415) 436-7234
7      E-mail: andrew.mainardi@usdoj.gov

8  Attorneys for Defendant

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

13 CHARLES CORTEZ, an individual, HILMA        )  CASE NO. 3:22-cv-01222-TSH
   CORTEZ , an individual, as co-successors-in- )
   interest to Decedent Michael Cortez, J.S., a )  **DEFENDANT'S NOTICE OF MOTION AND**
14 minor by and through her Guardian Ad Litem,  )  **MOTION TO DISMISS COMPLAINT**
   Serina Sagon, individually and as co-successor- )
15 in-interest to Decedent, L.C., a minor by and )  **Current Motion Hearing**
   through her Guardian Ad Litem, Ashley        )  **Date: December 14, 2023**
16 Mabutas, individually and as co-successor-in- )  **Time: 10:00 a.m.**
   interest to Decedent,                        )
17                                              )  **The Honorable Thomas S. Hixson**
           Plaintiffs,                          )
18                                              )
       v.                                       )
19                                              )
   UNITED STATES OF AMERICA,                    )
20                                              )
           Defendant.                           )
21                                              )
   M.P.C., a minor, by his mother Justine Pasion, )
22 successor-in-interest to Decedent Michael    )
   Cortez,                                      )
23                                              )
           Nominal Defendant.                   )
24

25

26

27

28

1

# **TABLE OF CONTENTS**

2

3  NOTICE OF MOTION AND MOTION ........................................................................1

4  RELIEF SOUGHT ...................................................................................................1

5  ISSUES TO BE DECIDED ......................................................................................1

6  MEMORANDUM OF POINTS AND AUTHORITIES ...............................................2

7  I.      INTRODUCTION .........................................................................................2

8  II.     STATEMENT OF FACTS .............................................................................2

9  III.    LEGAL STANDARD .....................................................................................3

10         A.     Rule 12(b)(1)—Subject Matter Jurisdiction .....................................3

11         B.     Rule 12(b)(6)—Failure to State a Claim .........................................4

12  IV.    ARGUMENT .................................................................................................5

13         A.     The Cortezes Lack Statutory Standing to Bring This Action under California
14                Law ..................................................................................................5

                1.      Wrongful Death Claim...........................................................6
15
                2.      Survival Claim. ......................................................................7
16
17         B.     Although Decedent's Children J.S. and L.C. May Be Proper Successors in
                  Interest, Plaintiffs Serina Sabon and Ashley Matubas  Lack Article III
18                Standing to be Joined. ....................................................................10

19                1.      No Guardians Ad Litem Have Been Appointed in this Action. ...........10

20                2.      Decedent's Children have not Satisfied the Pleading and Attestation
                         Requirements to Bring a Survival Action ..............................10
21
           C.     The Court Lacks Subject Matter Jurisdiction Under the FTCA because
22                Plaintiffs Did Not Exhaust their Administrative Remedies Prior to Bringing
                  Suit .................................................................................................11
23
                1.      The Court Lacks Jurisdiction because No Admnistrative Claims Have
24                       Been Filed on the Children's Behalf.....................................12

25                2.      The Court Lacks Jurisdiction Over Plaintiff's Survival Claim because
                         This Claim was Never Presented at the Administrative Level. ...........14
26
                3.      Because the 2-year Limitation Period in which to File and
27                       Administrative Tort Claim has Lapsed, These Jurisdictional Defects
                         Cannot be Cured . .............................................................15
28
    V.     CONCLUSION .........................................................................................16

# TABLE OF AUTHORITIES

Cases                                                                        Page(s)

*A.D. v. California Highway Patrol*,
   No. 07–5483, 2009 WL 733872 (N.D. Cal. Mar.17, 2009) .................................................. 6

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) ........................................................................................... 4

*Adams v. Superior Court*,
   196 Cal. App. 4th 71 (Cal. Ct. App. 2011) ...................................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................................... 4

*Avila v. INS*,
   731 F.2d 616 (9th Cir. 1984) ........................................................................................... 12

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ............................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................................... 4

*Booth v. United States*,
   914 F.3d 1199 (9th Cir. 2019) ......................................................................................... 12

*Brady v. U.S.*,
   211 F.3d 499 (9th Cir. 2000) ........................................................................................... 12

*Brown v. Schwarzenegger*,
   No. 04-cv-9277, 2006 WL 4756379 (C.D. Cal. June 12, 2006) ......................................... 8

*Catlin for C.R. v. United States*,
   No. 18-cv0322-JLS, 2018 WL 4204830 (S.D. Cal. September 4, 2018) ........................... 10

*Chaudhry v. City of Los Angeles*,
   751 F.3d 1096 (9th Cir. 2014) ..................................................................................... 8, 15

*Chavez v. Carpenter*,
   91 Cal. App. 4th 1433 (2001) ...................................................................................... 6, 7

*Crosby v. County of Alameda*,
   No. 20-cv-08529, 2021 WL 764120 (N.D. Cal. Feb. 26, 2021) ......................................... 9

*Cty. of Los Angeles v. Superior Court (Schonert)*,
   21 Cal. 4th 292 (1999) .................................................................................................... 15

*Davis v. Bender Shipbuilding & Repair Co.,*
    27 F.3d 426 (9th Cir. 1994) ........................................................................................... 7

*Dean v. City & Cnty. of San Francisco,*
    No. C-05-1876, 2006 WL 824336 (N.D. Cal. Mar. 28, 2006) ...................................... 10

*Dondero v. United States,*
    775 F.Supp. 144 (D.Del.1991) ....................................................................................... 14

*Est. of Elkins v. Pelayo*,
    No. 13-cv-1483, 2020 WL 2571387 (E.D. Cal. May 21, 2020) ...................................... 9

*F.D.I.C. v. Meyer*,
    510 U.S. 471 (1994) ....................................................................................................... 11

*Frantz v. United States*,
    791 F. Supp. 445 (D. Del. 1992) ............................................................................... 12, 14

*Garcia v. Adams*,
    No. 04-cv-5999, 2006 WL 403838 (E.D. Cal. Feb. 17, 2006) ........................................ 6

*Garcia v. Superior Court*,
    42 Cal. App. 4th 177 (Ct. App. 1996) ........................................................................... 15

*Gland v. United States*,
    No. 03-CV-1697, 2003 WL 23094911 (E.D. Pa. December 16, 2003) ........................... 14

*Gonzalez v. City of Anaheim*,
    No. CV 10-4660 PA (SHX), 2010 WL 11463113 (C.D. Cal. Sept. 20, 2010) ................. 7

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ......................................................................................................... 13

*Horwich v. Superior Court*,
    21 Cal. 4th 272 (1999) ................................................................................................... 13

*Hutchinson v. U.S. Dep't of Veteran Affs.*,
    No. 17-cv-06403-VKD, 2018 WL 3207970 (N.D. Cal. June 29, 2018) ......................... 16

*In re Century Aluminum Co. Secs. Litig.*,
    729 F.3d 1104 (9th Cir. 2013) ......................................................................................... 5

*Innovative Sports Mgm't, Inc. v. Robles*,
    No. 13-cv-00660, 2014 WL 129308 (N.D. Cal. Jan. 14, 2014) ...................................... 5

*Jackson v. Fitzgibbons*,
    127 Cal. App. 4th 329, 25 Cal. Rptr. 3d 478 (2005) ....................................................... 6

*Jackson v. United States*,
    558 F. Supp. 14 (D.D.C. 1982) .................................................................................. 13

*Jackson v. United States*,
    730 F.2d 808 (D.C. Cir. 1984) ................................................................................. 14

*Jerves v. U.S.*,
    966 F.2d 517 (9th Cir. 1992) .............................................................................. 11, 12

*Junio v. Vassilev*,
    858 F.3d 1242 (9th Cir. 2017) .................................................................................. 12

*King v. United States*,
    No. 15-cv-0753-CAS, 2016 WL 146424 (C.D. Cal. January 11, 2016) ........................... 6, 9

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ................................................................................................... 3

*Kong v. City of San Diego*,
    No. 22-cv-1858, 2023 WL 4939370 (S.D. Cal. Aug. 2, 2023) .......................................... 8

*L.V.B. v. City of Chino*,
    No. 09-cv-2223, 2010 WL 11596566 (C.D. Cal. Feb. 18, 2010) ....................................... 8

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014) .................................................................................... 4

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) .................................................................................................. 5

*Luis v. County of San Diego*,
    No. 17-cv-01486-CAB, 2017 WL 5446085 (S.D. Cal. Nov. 14, 2017) .............................. 10

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................ 10

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) .................................................................................... 5

*McMahon v. United States*,
    342 U.S. 25 (1951) .................................................................................................. 11

*Montgomery v. Buege*,
    No. 08-cv-385, 2009 WL 1034518 (E.D. Cal. Apr. 16, 2009) ......................................... 7

*Moreland v. Las Vegas Metro. Police Dep't.*,
    159 F.3d 365 (9th Cir. 1998) ...................................................................................... 8

*N.C.D. v. United States,*
   No. 19-cv-00014, 2020 WL 1845225 (D. Alaska Apr. 10, 2020) ........................................ 16

*Nelson v. Cnty. of Los Angeles,*
   113 Cal. App. 4th 783 (2003) .............................................................................................. 15

*Nishimoto v. Cnty. of San Diego,*
   No. 3-16-cv-01974-BEN-JMA, 2016 WL 8737349 (S.D. Cal. Nov. 4, 2016) .................... 10

*Nurse v. United States,*
   226 F.3d 996 (9th Cir. 2000) ................................................................................................. 4

*One Fair Wage, Inc. v. Darden Restaurants Inc.,*
   No. 21-16691, 2023 WL 2445690 (9th Cir. Mar. 10, 2023)................................................... 5

*People v. Runyan,*
   54 Cal. 4th 849 (2012) ........................................................................................................ 15

*Puga v. Chertoff,*
   488 F.3d 812 (9th Cir. 2013) ............................................................................................... 12

*Quiroz v. Seventh Ave. Center,*
   140 Cal. App. 4th 1265 (2006) ............................................................................................ 15

*Robidoux v. Rosengren,*
   638 F.3d 1177 (9th Cir. 2011) ............................................................................................. 10

*Romero v. Pac. Gas & Elec. Co.,*
   156 Cal. App. 4th 211 (2007) .............................................................................................. 14

*Rooney v. United States,*
   634 F.2d 1238 (9th Cir. 1980) ............................................................................................. 12

*Rose v. City of Los Angeles,*
   814 F. Supp. 878 (C.D. Cal. 1993) ........................................................................................ 9

*Ross v. U.S.,*
   No. 5:17-cv-02775-EJD, 2017 WL 5525935 (N.D. Cal. Nov. 17, 2017)............................ 12

*Ruckelshaus v. Sierra Club,*
   463 U.S. 680 (1983) ............................................................................................................ 11

*Rucker v. United States Dep't of Labor,*
   798 F.2d 891 (6th Cir. 1986) ............................................................................................... 13

*Rutman Wine Co. v. E. & J. Gallo Winery,*
   829 F.2d 729 (9th Cir. 1987) ................................................................................................. 4

*Ruttenberg v. Ruttenberg,*
  53 Cal. App. 4th 801 (1997) ................................................................................ 13

*Safe Air for Everyone v. Meyer,*
  373 F.3d 1035 (9th Cir. 2004) ................................................................................ 4

*San Diego Gas & Elec. Co. v. Super. Court,*
  146 Cal. App. 4th 1545 (2007) ............................................................................ 13

*Schmitz v. Asman,*
  No. 2:20-cv-00195-JAM-CKD, 2020 WL 6728226 (E.D.Cal. November 16, 2020) ........................ 15

*Schwarder v. United States,*
  974 F.2d 1118 (9th Cir. 1992) ................................................................................ 5

*Scott v. Thompson,*
  184 Cal. App. 4th 1506 (2010) ................................................................................ 6

*Soliz v. City of Bakersfield,*
  No. 12-cv-00841, 2012 WL 3645358 (E.D. Cal. Aug. 21, 2012) .......................................... 8

*Tatum v. City & Cty. of San Francisco,*
  441 F.3d 1090 (9th Cir. 2006) ................................................................................ 7

*Tosco Corp. v. Communities for a Better Env't,*
  236 F.3d 495 (9th Cir. 2001) ................................................................................ 3

*United States v. King,*
  395 U.S. 1 (1969) ............................................................................................ 11

*United States v. Olson,*
  546 U.S. 43 (2005) ........................................................................................... 5

*United States v. Orleans,*
  425 U.S. 807 (1976) ......................................................................................... 11

*Warth v. Seldin,*
  422 U.S. 490 (1975) .......................................................................................... 3

*Wheeler v. City of Santa Clara,*
  894 F.3d 1046 (9th Cir. 2018) ................................................................................ 7

*Wishum v. California,*
  No. 14-cv-01491-JST, 2014 WL 3738067 (N.D. Cal. July 28, 2014) ..................................... 11

*Xue Lu v. Powell,*
  621 F.3d 944 (9th Cir. 2010) ................................................................................ 5

1  Statutes

2  28 U.S.C. § 1346 .................................................................................................. 4
   28 U.S.C. § 1346(b)(1) ....................................................................................... 5
3  28 U.S.C. § 2401(b) ...................................................................................... 12, 15
   28 U.S.C. § 2675(a) ................................................................................ 11, 13, 16
4  28 U.S.C. § 2679(a) ........................................................................................... 5
5  Cal. Code Civ. Proc. § 377.10 ........................................................................... 8
   Cal. Code Civ. Proc. § 377.11 ........................................................................ 8, 9
6  Cal. Code Civ. Proc. § 377.20 ........................................................................... 7
   Cal. Code Civ. Proc. § 377.30 ............................................................... 6, 10, 14
7  Cal. Code Civ. Proc. § 377.32 ............................................................... 8, 10, 11
8  Cal. Code Civ. Proc. § 377.32(a) ....................................................................... 9
   Cal. Code Civ. Proc. § 377.60 ................................................................ 5, 6, 13, 14
9  Cal. Code Civ. Proc. § 377.60(a) .................................................................... 6, 7
   Cal. Code Civ. Proc. § 377.60(b) ....................................................................... 7
10 Cal. Prob. Code § 58 .......................................................................................... 8
11 Cal. Prob. Code § 6401 ...................................................................................... 8
   Cal. Prob. Code § 6402 ...................................................................................... 8
12 Cal. Prob. Code § 6402(b) ................................................................................. 8
   42 Pa.C.S.A Section 8301 ................................................................................ 14
13 42 Pa.C.S.A Section 8302 ................................................................................ 14

14

15  Rules

16 Fed. R. Civ. P. 12(b)(1) ............................................................................ 1, 3, 12
17 Fed. R. Civ. P. 12(b)(6) ............................................................................. 1, 4, 5
   Fed. R. Civ. P. 12(h)(3) ...................................................................................... 4
18 Fed. R. Civ. P. 17(c) ........................................................................................ 10

19

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION

2          PLEASE TAKE NOTICE that on December 14, 2023., or as soon thereafter as this matter may

3    be heard via Zoom web conference  at the United States District Court for the Northern District of

4    California, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable

5    Thomas S. Hixson, United States Magistrate Judge, Defendant United States of America ("Defendant")

6    will move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for an order dismissing Plaintiff's Third

7    Amended Complaint ("TAC"), Dkt. No. 20. This motion is based on this Notice, the supporting

8    memorandum of points and authorities set forth below, the pleadings, the Declaration of William L.

9    Harris and accompanying exhibit and other matters of which the Court takes judicial notice, and all other

10   matters properly before this Court.

11

## RELIEF SOUGHT

12          Defendant seeks an order dismissing the TAC for lack of subject matter jurisdiction, pursuant to

13   Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed.

14   R. Civ. P. 12(b)(6).

15

## ISSUES TO BE DECIDED

16          1.     Whether Plaintiffs Charles and Hilma Cortez are able to establish statutory standing to

17   bring wrongful death and survival actions on behalf of decedent Michael Cortez given that he is

18   survived by children;

19          2.     Whether Decedent's children – Plaintiffs J.S. and L.C. and nominal Defendant M.P.C. –

20   may be joined to this action without properly establishing standing;

21          3.     Whether Decedent's children – Plaintiffs J.S. and L.C. and nominal Defendant M.P.C. –

22   may be parties to an FTCA action when they have not exhausted their administrative remedies that are a

23   prerequisite to filing suit;

24          4.     Whether Plaintiffs are barred from bringing a survival cause of action where there was no

25   administrative claim for the same, and;

26          5.     Whether these failures to exhaust administrative prerequisites are fatal as the 2-year

27   limitation period in which to do so has lapsed.

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Although the Charles and Hilma Cortez ("the Cortezes") timely filed administrative claims for wrongful death, they did so in their individual capacities and not on behalf of their deceased son, Michael Cortez's. Under California law, parents do not have automatic standing to bring a wrongful death action when the decedent is survived by a spouse or children, as is the case here. While Michael Cortez's children may be successors-in-interest to the estate, they are suing through putative guardians ad litem, Serina Sagon and Ashley Mabutas, who have not been appointed by the Court. They may not therefore appear on behalf of the children and lack standing to proceed on their own behalf.

Furthermore, neither the children nor their representatives filed administrative tort claims prior to bringing this lawsuit and the Cortezes' claims were for wrongful death only, not assault and battery, as these are construed under California law as a survival action. This Court therefore lacks subject jurisdiction over these claims because they did not properly exhaust their administrative remedies as required by the Federal Tort Claims Act ("FTCA"),[1] defects which cannot be cured by further amendment  as the two-year limitation period in which to bring an administrative tort claim has passed.

## II.    STATEMENT OF FACTS

This lawsuit arises from the death of Michael Cortez on September 13, 2021, which Plaintiffs allege was caused by a wrongful shooting by an agent of the Federal Bureau of Investigation  ("FBI"). *See generally* TAC, Dkt. No 20.  On March 15, 2022, Michael Cortez's parents, Charles and Hilma Cortez ("the Cortezes"), filed separate administrative claims alleging wrongful death. *See* Exhibit A – Administrative Tort Claims ("Ex. A").  The claims list the Cortezes as the claimants – not as representatives of the estate – and allege "loss of familial relationship" and "claims for pain, suffering and emotional distress and loss of familial relationship in amounts". Ex. A at 5, 12.   The FBI denied this claim on September 16, 2022. Ex. A at 15, 16. The FBI received no other administrative claims related to the death of Michael Cortez as of the date of this motion. *See* Decl. of William L. Harris ("Harris

---

[1] The TAC's statement of jurisdiction erroneously cites to Title 28 of the United States Code, § 1331 and 1343, which relate to civil rights claims. TAC ¶  2. The FTCA is the exclusive basis for bringing a tort claim against Defendant United States.

Decl.")   The Cortezes filed the original Complaint in federal court on March 16, 2022, in their individual capacities only, alleging, *inter alia*, wrongful death and battery claims against Defendant United States. *See* Dkt. No. 1.

The Cortezes filed a First Amended Complaint substantially similar to the original Complaint on March 20, 2023. Dkt. No. 6. The Cortezes were still listed in their individual capacities only.  On June 30, 2023, the Parties stipulated to allow Plaintiffs to have an administrator appointed to Michael Cortez's estate and substituted to an amended pleading. *See* Dkt. Nos. 15, 16.  However, in their Second Amended Complaint filed on September 15, 2023, Plaintiffs amended their status to individuals filing as "co-successors in interest to Decedent Michael Cortez." Dkt. No 17 at 1.

Neither the original, First, or Second Amended Complaint made any mention of Michael Cortez's children. *See* Dkt. Nos. 1, 6, & 17. On October 5, 2023, the Parties stipulated to permit Plaintiffs to file a Third Amended Complaint. *See* Dkt. No. 18, 19. Plaintiffs did so, filing the TAC on October 12, 2023. See Dkt. No. 20.  In the TAC, the Cortezes bring the action as "the biological [parents] of Decedent MICHAEL CORTEZ and as successor-in-interest to Decedent MICHAEL CORTEZ."  TAC ¶¶ 5, 6.  The TAC adds two additional Plaintiffs:  J.S, through her putative guardian ad litem Serina Sagon; and L.C., through her putative guardian ad litem Ashley Mabutas, each suing in their "individual capacit[ies] and as co-successor[s]-in-interest to Decedent." *Id.* ¶¶ 7, 8.  Neither Sagon nor Mabutas has been appointed as guardian ad litem by the Court.  The TAC also names M.P.C., "the biological son of Decedent," as a "Nominal Defendant." *Id.* ¶ 9.

## III.   LEGAL STANDARD

### A.     Rule 12(b)(1)—Subject Matter Jurisdiction

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Fed. R. Civ. P. 12(b)(1) motion to "allege facts demonstrating that he is the proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975); *see also Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010); *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495,

1   499 (9th Cir. 2001), *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

2       "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*,

3   373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack challenges the allegations in the complaint as

4   insufficient on their face to invoke federal jurisdiction. *Id.* Facial attacks are analyzed in the same

5   manner as "motion[s] to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and

6   drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations

7   are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117,

8   1121 (9th Cir. 2014) (citation omitted). In a factual challenge, in contrast, the plaintiff's allegations are

9   not presumed to be truthful, and the court may look beyond the pleadings and resolve factual disputes.

10  *Safe Air for Everyone*, 373 F.3d at 1039. If the court determines that it does not have subject matter

11  jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

12      **B.    Rule 12(b)(6)—Failure to State a Claim**

13      A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.

14  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Dismissal under Federal

15  Rule of Civil Procedure 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or

16  "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*

17  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Though the pleading standards set forth in Rule 8 does not

18  require "detailed factual allegations," they demand "more than an unadorned, the-defendant-unlawfully-

19  harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

20  *Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim:

21          [A] complaint must contain sufficient factual matter, accepted as true, to
            state a claim to relief that is plausible on its face. A claim has facial
22          plausibility when the plaintiff pleads factual content that allows the court
            to draw the reasonable inference that the defendant is liable for the
23          misconduct alleged.

24   *Id.* (internal quotations and citations omitted). In short, "[d]ismissal is proper under Rule 12(b)(6) if it

25  appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Adams v.*

26  *Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

27  **IV.    ARGUMENT**

28      The FTCA, 28 U.S.C. §§ 1346, 2671-80, is a limited waiver of the United States' sovereign

immunity with respect to certain tort claims. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) ("The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees . . . ."). The FTCA is the exclusive remedy for tort claims arising out of a government employee's negligent or wrongful acts committed within the scope of employment.  28 U.S.C. § 2679(a).

Under the FTCA, the liability of the United States is determined by the law of the state where the claim arose. 28 U.S.C. § 1346(b)(1); *United States v. Olson*, 546 U.S. 43, 45-46 (2005); *see also Schwarder v. United States*, 974 F.2d 1118, 1122 (9th Cir. 1992) (stating that "FTCA directs us to look to the law of the state in which the government official committed the tort to determine the scope of sovereign immunity."). Therefore, since the events at issue occurred in California, California law provides the substantive rules of decision governing Plaintiffs' claims. *Xue Lu v. Powell*, 621 F.3d 944, 945–46 (9th Cir. 2010) ("[t]he FTCA incorporates the law of the state in which the tort is alleged to have occurred, in this case California . . ..").

A.     **The Cortezes Lack Statutory Standing to Bring This Action under California Law**

Under California law, a plaintiff in a wrongful death action must plead and prove that they are authorized to bring the lawsuit. This authorization is a creature of statute—often referred to as "statutory standing." *See* Cal. Code Civ. Proc. § 377.60. Statutory standing is a nonjurisdictional requirement that goes to the merits of a claim. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014); *One Fair Wage, Inc. v. Darden Restaurants Inc.*, No. 21-16691, 2023 WL 2445690, at *2 (9th Cir. Mar. 10, 2023) ("*Lexmark* thus strongly suggests that statutory standing questions are nonjurisdictional."); *Innovative Sports Mgm't, Inc. v. Robles*, No. 13-cv-00660, 2014 WL 129308, at *2 (N.D. Cal. Jan. 14, 2014) (collecting cases and holding that "questions of statutory standing are merit determinations"). Accordingly, a dismissal for failure to establish statutory standing is properly viewed as a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), rather than a failure to establish subject matter jurisdiction under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The plaintiff bears the burden of pleading non-conclusory facts that, taken as true, either establish or support a reasonable inference that he meets the statute's standing requirements. *In re Century Aluminum Co. Secs. Litig.*, 729 F.3d 1104, 1109-110 (9th Cir. 2013) (dismissing claims under

1   *Twombly* and *Iqbal* when plaintiffs' allegations lacked "factual specificity" and court could not

2   "reasonably infer" that statutory standing requirements were met).

3        Plaintiffs' First Cause of Action, TAC ¶¶ 18-20, and Second Cause of Action, TAC ¶¶ 21-26,

4   present FTCA claims containing substantive theories of liability that arise under California's wrongful

5   death statute, *see* Cal. Code Civ. Proc. § 377.60, and California's survival statute, *see* Cal. Code Civ.

6   Proc. § 377.30. But under both theories, the TAC fails to allege sufficient facts establishing that the

7   Cortezes—the parents of Decedent Michael Cortez—possess statutory standing under California law.

8   Without establishing standing to bring a claim in California, the TAC fails to state a claim upon which

9   relief can be granted by the Court. Accordingly, both causes of action must be dismissed as to the

10  Cortezes.

11             **1.    Wrongful Death Claim**

12       "In California, an action for wrongful death is governed solely by statute, and the right to bring

13  such an action is limited to those persons identified therein." *Jackson v. Fitzgibbons*, 127 Cal. App. 4th

14  329, 334, 25 Cal. Rptr. 3d 478, 481 (2005); California Code of Civil Procedure § 377.60. "Only persons

15  enumerated in California Code of Civil Procedure section 377.60 have standing to bring a wrongful

16  death claim." *A.D. v. California Highway Patrol,* No. 07–5483, 2009 WL 733872, at *4 (N.D. Cal.

17  Mar.17, 2009). § 377.60 "vests standing in the following persons or a personal representative on their

18  behalf: 'The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or,

19  *if there is no surviving issue of the decedent*, the persons, including the surviving spouse or domestic

20  partner, who would be entitled to the property of the decedent by intestate succession.'" *Scott v.*

21  *Thompson*, 184 Cal. App. 4th 1506, 1511 (2010) (emphasis added) (quoting Cal. Code Civ. Proc. §

22  377.60(a)); *see also King v. United States*, No. 15-cv-0753-CAS, 2016 WL 146424, at * 8 (C.D. Cal.

23  January 11, 2016) The category of persons authorized to bring wrongful death actions is strictly

24  construed. *Garcia v. Adams*, No. 04-cv-5999, 2006 WL 403838, at *4 (E.D. Cal. Feb. 17, 2006).

25       Under this statute, a decedent's parents have an extremely narrow path to standing. Section

26  377.60(a) "gives standing to those persons 'who would be entitled to the property of the decedent by

27  intestate succession,' but only 'if there is no surviving issue of the decedent.'" *Chavez v. Carpenter*, 91

28  Cal. App. 4th 1433, 1440 (2001). A decedent's parents become heirs only where there is no surviving

issue. *Id.* Where a decedent is survived by children or direct descendants, "his parents would not be his heirs at all and therefore not entitled to maintain this [wrongful death] action at all." *Id.* (citations omitted). Additionally, a parent may establish individual standing under Section 377.60(b) to bring a wrongful death claim if he or she was financially dependent on the decedent. *Gonzalez v. City of Anaheim*, No. CV 10-4660 PA (SHX), 2010 WL 11463113, at *3 (C.D. Cal. Sept. 20, 2010). "[F]or a parent to have standing to bring a wrongful death claim as a dependent, he must show that he was 'actually dependent, to some extent, upon the decedent for the necessaries of life.'" *Id.* (quoting *Chavez*, 91 Cal. App. 4th at 1447).

Neither of those conditions is met here. Decedent was survived by three currently living biological children, according to the TAC. Decedent's parents therefore lack standing to bring a claim for wrongful death in their individual capacities under Section 377.60(a). Additionally, the Cortezes failed to allege any financial dependence on their son, let alone dependence on him for the "necessities of life" to establish standing necessary to bring a wrongful death action. Plaintiffs do not allege that they are heirs enumerated by statute, or otherwise that they are "entitled to the property . . . by intestate succession." Cal. Code Civ. Proc. § 377.60(a); *see also Montgomery v. Buege*, No. 08-cv-385, 2009 WL 1034518, at *2 (E.D. Cal. Apr. 16, 2009) (dismissing wrongful death claim for failure to state a claim when plaintiff did not allege that they were decedent's personal representative or heir). Accordingly, the Court should dismiss the wrongful death claim.

## 2. Survival Claim[2]

Under California law, a cause of action is not lost by reason of a plaintiff's death. Cal. Code Civ. Proc. § 377.20; *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1052 (9th Cir. 2018). A claim survives the death of the injured party if the claim accrued before the decedent's death, and if state law authorizes a survival action. *See Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006). "In a survival action, a decedent's estate may recover damages on behalf of the decedent for injuries that the decedent has sustained." *Davis v. Bender Shipbuilding & Repair Co.*, 27 F.3d 426, 429 (9th Cir. 1994).

---

[2]Defendant also argues in Point IV(C)(2) *infra* that, because the operative administrative claims were for wrongful death only and claim damages distinct from those cognizable in a survival claim, Plaintiffs are barred from alleging the second cause of action in the TAC for failure to exhaust administrative prerequisites.

"[U]nlike a wrongful death action, a survival action is a cause of action that existed while the decedent is alive and survives the decedent." *Adams v. Superior Court*, 196 Cal. App. 4th 71, 78-79 (Cal. Ct. App. 2011). Pursuant to Section 377.20(a), any survival claim is "subject to the applicable limitations period." Moreover, California law does not allow a decedent's estate to recover for the decedent's pre-death pain and suffering. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014).

Common law assault and battery claims brought as survival actions under California law are commonplace in the context of fatal torts. *Est. of Kong by & through Kong v. City of San Diego*, No. 22-cv-1858, 2023 WL 4939370, at *10 (S.D. Cal. Aug. 2, 2023); *see also L.V.B. v. City of Chino*, No. 09-cv-2223, 2010 WL 11596566, at *1 (C.D. Cal. Feb. 18, 2010) (permitting survival act claims alleging assault and battery). Here, the claim for assault and battery may be analyzed as a survival action claim to the extent it accrued prior to Cortez's death.

"The party seeking to bring a survival action bears the burden of demonstrating that . . . the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metro. Police Dep't.*, 159 F.3d 365, 369 (9th Cir. 1998). To bring a survival claim under California law, a plaintiffs must allege either: (1) that he is suing in his capacity as the decedent's personal representative (*i.e.* as an executor of the estate, *see* Cal. Prob. Code § 58); or (2) that he is decedent's successor-in-interest, which requires the filing of an affidavit or declaration to accompany the pleadings pursuant to Cal. Code Civ. Proc. § 377.32. *See Brown v. Schwarzenegger,* No. 04-cv-9277, 2006 WL 4756379, at *17 (C.D. Cal. June 12, 2006).  As explained in Section IV(A)(1) *supra*, no personal representative is bringing this action behalf of the decedent's estate. Furthermore, the Cortezes are not successors-in-interest given the existence of Decendent's children.  A "'decedent's successor in interest' is defined as either the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11[3]; *Soliz v. City of Bakersfield*, No. 12-cv-00841, 2012 WL 3645358, at *4 (E.D. Cal. Aug.

---

[3] Cal. Code Civ. Proc. § 377.10 provides that "[f]or the purposes of this chapter, "beneficiary of the decedent's estate" means: (a) If the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action or to a particular item of property that is the subject of a cause of action, under the decedent's will; (b) If the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code…" § 6402(b) provides that "*If there is no surviving issue*, to the decedent's parent or parents equally." (emphasis added)

21, 2012).  Therefore – similar to a wrongful death –action, a successor in interest is follows the rules of intestate succession where the surviving spouse and children have the superior right to a decedent's parents. *Est. of Elkins v. Pelayo*, No. 13-cv-1483, 2020 WL 2571387, at *5 (E.D. Cal. May 21, 2020). Any putative successor-in-interest must file a sworn statement that must include certain specific factual representations, Cal. Code Civ. Proc. § 377.32(a), and attach a certified copy of the decedent's death certificate, Cal. Code Civ. Proc. § 377.32(c).

> "Specifically, the Section 377.32 affidavit must include, *inter alia*, (1) the decedent's name; (2) the date and place of decedent's death; (3) an assertion that "[n]o proceeding is now pending in California for administration of the decedent's estate"; (4) an assertion that the declarant "is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding," or is otherwise authorized to act on behalf of the decedent's successor in interest; and (5) an assertion that "[n]o other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding." Cal. Code Civ. Proc. § 377.32(a),(b)."

*King*, 2016 WL 146424, at * 5.

The Cortezes cannot bring a survival claim here because they have not alleged either of the grounds that would entitle them to recover as survivors under California law. The TAC sets forth no allegations suggesting that the Cortezes are Decedent's successors-in-interest, nor could it, given the existence of Decedent's children.  Furthermore, as discussed above, the TAC does "not assert[] that [the Cortezes are] the decedent's personal representative." *Rose v. City of Los Angeles*, 814 F. Supp. 878, 882 (C.D. Cal. 1993);*see also Crosby v. County of Alameda*, No. 20-cv-08529, 2021 WL 764120, at *1 (N.D. Cal. Feb. 26, 2021) (dismissing complaint for failure to state a claim when plaintiff failed to assert that they were decedent's personal representative and failed to comply with the successor-in-interest declaration requirements). Finally, the TAC does not – and cannot – comply with the sworn statement requirement, particularly the assertion that "[n]o other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action…." Cal. Code Civ. Proc. § 377.32(b). Accordingly, the Court should dismiss the survival claims as to the Cortezes.

---

"Other successors in interest" are "persons who take property at the decedent's death by operation of law or a contract or account agreement." West's Ann. Cal. Code Civ. Proc. § 377.11.

**B.    Although Decedent's Children J.S. and L.C. May Be Proper Successors in Interest, Plaintiffs Serina Sabon and Ashley Matubas  Lack Article III Standing to be Joined.**

**1.    No Guardians Ad Litem Have Been Appointed in this Matter**

Minors J.S. and L.C.  – by Serina Sagon and Ashley Matubas – lack standing to bring this suit because the Court has not appointed the latter two Guardians Ad Litem. "District courts have a special duty to protect the interests of litigants who are incompetent." *Catlin for C.R. v. United States*, No. 18-cv0322-JLS, 2018 WL 4204830, at *4-5 (S.D. Cal. September 4, 2018); *see* Fed. R. Civ. P. 17(c); *see also Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) requires a district court to appoint a guardian ad litem to protect an incompetent person who is unrepresented in an action. Fed. R. Civ. P. 17(c). Rule 17(c) imposes no time constraint for filing an application for appointment of a Guardian Ad Litem. *Dean v. City & Cnty. of San Francisco*, No. C-05-1876, 2006 WL 824336, at *1 (N.D. Cal. Mar. 28, 2006).

Here, the TAC establishes that J.S., L.C. and M.P.C. are Decedent's minor children. Dkt. No. 20 ¶¶ 7-9. However, nowhere in the TAC do Plaintiffs plead that this Court, or any court, has appointed Serina Sagon and Ashley Matubas to be guardians at litem for minors J.S. and L.C.. Furthermore, the Court's docket does not contain an application from Plaintiffs seeking these appointments. Where Plaintiffs Sagon and Matubas have not been appointed Guardians Ad Litem, they must show they have suffered an "injury in fact" traceable to Defendant in order to have individual standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Because they have not, J.S. and L.C. – by Serina Sagon and Ashley Matubas – should be dismissed from the case.

**2.    Decedent's Children have not Satisfied the Pleading and Attestation Requirements to Bring a Survival Claim**

For the same reasons discussed in Section IV(A)(2) *supra*, Decedent's children also have not satisfied the pleading and attestation requirements to bring a survival claim pursuant to Cal. Code Civ. Proc. § 377.32. "California law requires  any person seeking to commence an action pursuant to section 377.30 execute and file an affidavit setting forth that person's qualifications as a successor." *Luis v. County of San Diego,* No. 17-cv-01486-CAB, 2017 WL 5446085, at *5 (S.D. Cal. Nov. 14, 2017); *see also Nishimoto v. Cnty. of San Diego*, No.: 3-16-cv-01974-BEN-JMA, 2016 WL 8737349, at *4 (S.D. Cal. Nov. 4, 2016) (finding that Plaintiff had sufficiently alleged she had standing to bring claims as

1   successor in interest for her deceased son to withstand a motion to dismiss because she had submitted a

2   declaration that complied with the requirements of California Code Civil Procedure section

3   377.32); *Wishum v. California*, No. 14-cv-01491-JST, 2014 WL 3738067, at *2 (N.D. Cal. July 28,

4   2014) ("Where there is no personal representative for the estate, the decedent's 'successor in interest'

5   may prosecute the survival action if the party purporting to act as successor in interest satisfies the

6   requirements of California law."). Therefore, the TAC is deficient for this additional reason.

7
8       **C.      The Court Lacks Subject Matter Jurisdiction Under the FTCA because Plaintiffs
                  Did Not Exhaust their Administrative Remedies Prior to Bringing Suit**

9       A bedrock principle of federal jurisdiction is that the United States—a sovereign—may only be

10  sued with its express consent. *United States v. Orleans*, 425 U.S. 807, 814 (1976). Federal courts lack

11  subject matter jurisdiction over claims for which the United States has not waived its sovereign

12  immunity.[4] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver of sovereign immunity must be

13  "unequivocally expressed," *United States v. King*, 395 U.S. 1, 4 (1969); "strictly construed" in favor of

14  the United States, *McMahon v. United States*, 342 U.S. 25, 27 (1951); and must not be "enlarged . . .

15  beyond what the language requires." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983) (cleaned up).

16      The FTCA "provides that before an individual can file an action against the United States in

17  district court, she must seek an administrative resolution of her claim." *Jerves v. U.S.*, 966 F.2d 517, 518

18  (9th Cir. 1992).  The FTCA states, in pertinent part, that:

19              An action shall not be instituted upon a claim against the United States for
                money damages for injury or loss of property or personal injury or death
20              caused by the negligent or wrongful act or omission of any employee of the
                Government while acting within the scope of his office or employment,
21              unless the claimant shall have first presented the claim to the appropriate
                Federal agency and his claim shall have been finally denied by the agency
22              in writing and sent by certified or registered mail. The failure of an agency
                to make final disposition of a claim within six months after it is filed shall,
23              at the option of the claimant any time thereafter, be deemed a final denial
                of the claim for purposes of this section.
24
    28 U.S.C. § 2675(a).
25
26      The failure to exhaust administrative remedies is properly considered under a Rule 12(b)(1)

27  motion to dismiss where exhaustion is required by statute. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th

28      ―――――――――――――――――
        [4] *Id.*

1  Cir. 2013). The FTCA expressly requires a claimant to exhaust his or her administrative remedies before

2  filing suit. *See* 28 U.S.C. §§ 2401(b), 2675(a). The requirement of an administrative claim is

3  jurisdictional. *See Brady v. U.S.*, 211 F.3d 499, 502 (9th Cir. 2000); *see also D.L. by and through Junio*

4  *v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (same); *see also Ross v. U.S.*, No. 5:17-cv-02775-EJD,

5  2017 WL 5525935, at * 2 (N.D. Cal. Nov. 17, 2017). Because the requirement is jurisdictional, it "must

6  be strictly adhered to." *See Brady,* 211 F.3d at 502*; see also Jerves*, 966 F.2d at 521 (emphasizing that

7  the requirements of the FTCA are jurisdictional in nature and must be strictly adhered to). "This is

8  particularly so since the FTCA waives sovereign immunity." *Jerves*, 966 F.2d at 521.

9      **1.    The Court Lacks Jurisdiction Because No Administrative Claims have been
            Filed on Behalf of Decedent's Children**

10

11     Plaintiffs Charles and Hilma Cortez filed the only administrative claims related to Michael

12  Cortez's death.  *See* Harris Decl.; Ex. A. The TAC does not allege that either J.S., L.C., or M.P.C.

13  exhausted their administrative remedies, nor did their guardians, or Decedent's parents, file an

14  administrative claim on the children's behalf. *See generally* TAC; Harris Decl.  "The parent or guardian

15  holds a legal duty to take action on behalf of the minor child." *Booth v. United States*, 914 F.3d 1199,

16  1206 (9th Cir. 2019). The court has "never recognized minority tolling for the FTCA's statute of

17  limitations." *Id.* The Cortezes' administrative claims made no allegations that would give notice of

18  anything other than their own wrongful death claims. *See Rooney v. United States*, 634 F.2d 1238, 1242

19  (9th Cir. 1980) (primary purpose of the claim requirement is to expedite the fair settlement of tort claims

20  asserted against the United States, and to fulfill this purpose, the administrative claim must provide

21  notification of an incident and injury, must adequately identify the claimant and must state a claim for

22  damages in a sum certain).

23     The Cortezes' administrative claims contained no allegations of facts related to loss of parental

24  consortium by Decedent's children. Although the administrative claims alleged wrongful death, they

25  failed to give proper notice of the children's potential claims given that they were not mentioned. *See*

26  Ex. A; *Frantz v. United States*, 791 F. Supp. 445, 451 (D. Del. 1992) (administrative claim by

27  decedent's widow failed to give adequate notice that she was asserting wrongful death claim on her own

28  behalf or on behalf of adult children where claim did not list any names of "claimants," or the signature

of any other claimants); *see also Avila v. INS*, 731 F.2d 616, 619 (9th Cir. 1984) (FTCA jurisdictional requirement met where father submitted administrative claim in the name of adult incompetent son). The Cortezes' wrongful death claims are of a "personal and separate cause of action" from that belonging to Decedent's children. Cal. Civ Proc. § 377.60 (listing those persons entitled to sue for wrongful death); *See Ruttenberg v. Ruttenberg,* 53 Cal. App. 4th 801, 807-08 (1997).

The wrongful death cause of action is based upon a plaintiff's own independent injury suffered by loss of the decedent and is distinct from any action that decedent might have maintained had he survived. Cal. Civ. Proc. § 377.60; *Horwich v. Superior Court*, 21 Cal. 4th 272, 283 (1999). The action is described in the Cortezes' administrative claim as "wrongful death" and states that "[c]claimants will allege loss of familial relationship" and that "[c]laimants has, or may have in the future, claims for general damages, including, but not limited to, claims for pain, suffering and emotional distress, and loss of familial relationship…" Ex. A at 5, 12. By way of their wrongful death claims, the Cortezes seek compensation for their own losses, determined, in large part, on their relationship to the decedent. *See San Diego Gas & Elec. Co. v. Super. Court*, 146 Cal. App. 4th 1545, 1551 (2007) ("in a wrongful death action, the 'injury' is not the general loss of the decedent, but the particular loss of the decedent to each individual claimant."). The Cortezes' administrative claims were submitted in their own names and include no allegation of pecuniary loss suffered by any of the decedent's children, and thus, failed to provide the government notice of what Plaintiffs now wish to place at issue in the TAC. *See* Harris Decl.; *see also* 28 U.S.C. § 2675(a). Therefore, Decedent's children cannot rely upon an administrative claim filed by their grandparents as providing adequate notice to Defendant of their own, entirely separate loss. *See Rucker v. United States Dep't of Labor*, 798 F.2d 891, 893-94 (6th Cir. 1986) (children were not identified on parent's administrative claim form and thus, had not substantially complied with the jurisdictional requirements of 28 U.S.C. § 2675(a)); *Jackson v. United States*, 558 F. Supp. 14, 16 (D.D.C. 1982) (administrative claim for wrongful death filed by decedent's parents did not satisfy jurisdictional filing requirement for wrongful death action by decedent's spouse) *aff'd* 730 F.2d 808 (D.C. Cir. 1984) (per curiam). Because Decedent's children failed to timely file an administrative claim, this Court lacks subject matter jurisdiction over their claims.

Decedent's children J.S. and L.C. therefore failed to exhaust their administrative remedies before

filing suit, or being joined in this action, so the Court lacks subject matter jurisdiction over their claims. The same rule applies to Nominal Defendant M.P.C. "A person named as a nominal defendant and properly joined is 'in reality, [a] plaintiff [ ] in the case'." *Romero v. Pac. Gas & Elec. Co.*, 156 Cal. App. 4th 211, 215 (2007)[5].

### 2. The Court Lacks Jurisdiction Over Plaintiffs' Survival Claim Because This Claim Was Never Presented at the Administrative Level

Assuming for the sake of argument that The Cortezes had statutory standing and satisfied the requirements of § 377.32 to bring a survival claim, the Court also lacks subject matter jurisdiction even in that instance because their administrative claim was for wrongful death, not survival. When a claimant asserts multiple claims on a single claim form, the form must give "constructive notice" of each additional claim, or else the extra claims will later be dismissed for failure to exhaust. "Constructive notice" is notice sufficient to warrant investigation of that claim. *Dondero v. United States,* 775 F.Supp. 144, 148 (D.Del.1991). "[B]ecause a survival claim is separate and distinct from those claims Plaintiff would assert on her own behalf (e.g., wrongful death and loss of consortium), [6] Plaintiff bears the burden of establishing that the single claim form submitted to the Federal Bureau of Prisons gave constructive notice of the several causes of action." *Gland v. United States*, No. 03-CV-1697; 2003 WL 23094911, at *2 (E.D.PA. December 16, 2003); citing *Frantz v. United States,* 791 F.Supp. 445 (D.Del.1992).

As discussed above, the Cortezes filed administrative tort claims alleging wrongful death only. Ex. A. A reliable indication that the Cortezes' administrative claims did not present a survival cause of action is that their claims did not obviously "identify any damages recoverable by the estate." *Nelson v. Cnty. of Los Angeles*, 113 Cal. App. 4th 783, 797 n.10 (2003); *see also Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1265, 1263-65 (2006) (distinguishing wrongful death actions from survivor actions, and noting that the purpose of the California wrongful death statute is "to compensate specified

---

[5] However, merely naming a person as a nominal defendant is not equivalent to appropriately joining the person in the lawsuit. *Romero,* 156 Cal. App. 4th at 218. Instead, proper service of a summons and complaint is required. *Id.*

[6] Pennsylvania and California draw substantially similar between cognizable damages under their respective wrongful death and survival statutes. *Compare* Cal. Code Civ. Proc. § 377.60 *with* 42 Pa.C.S.A Section 8301; *compare* Cal. Code Civ. Proc. § 377.30 *with* 42 Pa.C.S.A Section 8302.

persons—heirs—for the loss of companionship and for other losses suffered as a result of a decedent's death") whereas "[s]ection 377.34 [of the California Code of Civil Procedure] limits damages in survival actions to the victim's pre-death economic losses." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1104 (9th Cir. 2014); *citing People v. Runyan*, 54 Cal. 4th 849, 862 (2012).

Damages recoverable in survival actions in California include the decedent's "lost wages, medical expenses, and any other pecuniary losses incurred before death," as well as punitive or exemplary damages. *Cty. of Los Angeles v. Superior Court (Schonert)*, 21 Cal. 4th 292, 304 (1999). Accordingly, "[i]n cases where the victim dies quickly there will often be no damage remedy at all under § 377.34." *Chaudhry*, 751 F.3d at 1104. Upon receipt of the Cortezes' claim, the government had no reason to interpret the Cortezes' own "loss of familial relationship" and their "claims for general damages, including, but not limited to, claims for pain, suffering and emotional distress, and loss of familial relationship…" as encompassing Decedent's economic loss, medical expenses and conscious pain before death. Ex. A at 5, 12. Rather, the administrative claims can only refer to the damages Decedent's successors might recover in a wrongful death action. *See Garcia v. Superior Court*, 42 Cal. App. 4th 177, 186-87 (Ct. App. 1996) (under California's wrongful death statutes, "designated surviving relatives or the decedent's heirs at law can recover pecuniary losses caused by the death, including pecuniary support the decedent would have provided them"). "'loss of companionship'—certainly would not arise in a survival action since they are not injuries or expenses Decedent himself suffered before his death." *Schmitz v. Asman,* No. 2:20-cv-00195-JAM-CKD, 2020 WL 6728226, at * 15 (E.D.Cal. November 16, 2020). Therefore, Plaintiffs are barred from bringing a survival action such as their second claim alleging assault and battery.

### 3.    Because the 2-year Limitation Period in Which to File an Administrative Tort Claim has Lapsed, These Jurisdictional Defects Cannot be Cured

Administrative tort claims under the FTCA are subject to a two-year statute of limitations. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"); *Hutchinson v. U.S. Dep't of Veteran Affs.*, No. 17-cv-06403-VKD, 2018 WL 3207970, at *4 (N.D. Cal. June 29, 2018). A claim is "presented" to the government agency when it receives an executed Standard Form ("SF") 95

or other written notice of an incident, together with a claim for damages for personal injury or death. *Id.* "The agency then has six months to make a final decision on the administrative claim. Only after the agency issues a final denial, or fails to do so within six months, can a plaintiff file a complaint in federal court." *Abbott on behalf of N.C.D. v. United States*, No. 19-cv-00014, 2020 WL 1845225, at *3 (D. Alaska Apr. 10, 2020) (citing 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b)).

Here – because administrative claims have not been asserted on the children's behalf – they are now time barred from doing so as Michael Cortez died on September 13, 2021. TAC ¶ 1. The 2-year limitation period has therefore lapsed and there is no tolling provision that applies. The Court should therefore dismiss the TAC with prejudice to the extent Plaintiffs are time-barred from curing the defects discussed above.

## V.    CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court dismiss the Plaintiff's TAC.


DATED: November 2, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

___*/s/ Andrew Mainardi*_____
BY: ANDREW MAINARDI
Assistant United States Attorney

Attorneys for Defendant