IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORTEZ, et al., <br><br> Plaintiffs, <br><br> v. <br> UNITED STATES OF AMERICA, <br><br> Defendant <br><br> and <br><br> M.P.C., a minor by his mother Justinne Pasion, successor-in-interest to Decedent Michael Cortez, <br><br> Nominal Defendant. | Case No. 23-cv-01222-MMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Before the Court is defendant United States of America's ("United States") Motion to Dismiss, filed November 2, 2023. Plaintiffs Charles Cortez and Hilda Cortez (the "Cortezes") have filed opposition, to which the United States has replied.[1]

The Cortezes' claims arise from their allegation that, on September 13, 2021, their adult son, Michael Cortez, was shot and killed by an agent employed by the Federal Bureau of Investigation. In the operative complaint, the Third Amended Complaint ("TAC"), the Cortezes assert two claims.[2] Specifically, in the First Cause of Action, titled

---

[1] Following a series of stipulations as to the briefing schedule, the United States filed its reply on August 9, 2024, as of which date the Court took the matter under submission. (See Order, filed July 30, 2024.)

[2] The claims asserted in the TAC were also brought on behalf of two of Michael Cortez's minor children. By order filed May 8, 2024, the Court granted a request to withdraw filed by counsel who had appeared on behalf of all plaintiffs, and, by order filed July 30, 2024, the Court dismissed the claims brought on behalf of the two minor plaintiffs, as new counsel had not appeared on their behalf and as, under federal law, a minor cannot appear without counsel.

1  "Wrongful Death – Negligence," the Cortezes allege the agent did not "use reasonable
2  care when he shot Decedent, Michael Cortez" (see TAC ¶ 20), and, in the Second Cause
3  of Action, titled "Assault/Battery," they allege the agent "touched Decedent with the intent
4  to harm or offend him" and that "Decedent . . . was harmed by it" (see TAC ¶¶ 22-23).
5        With respect to the First Cause of Action, the wrongful death claim, the United
6  States argues the Cortezes have failed to allege facts to show they have statutory
7  standing under California law.  See 28 U.S.C. § 1346(b)(1) (providing district courts have
8  jurisdiction over claims against United States for wrongful death "under circumstances
9  where the United States, if a private person, would be liable in accordance with the law of
10 the place where the act or omission occurred").  The Court agrees.  Where, as here,
11 parents allege the decedent had surviving children (see TAC ¶ 4), parents lack statutory
12 standing to assert a wrongful death claim in the absence of a showing that "they were
13 dependent on the decedent," see Cal. Code Civ. Proc. § 377.60(b)(1), namely, that they
14 were "actually dependent, to some extent, upon the decedent for the necessaries of life,"
15 see Chavez v. Carpenter, 91 Cal. App. 4th 1433, 1446 (2001) (internal quotation and
16 citation omitted); the Cortezes do not allege any facts to support a finding that they were
17 dependent on Michael Cortez.
18       With respect to the Second Cause of Action, the survival claim, the United States
19 argues the Cortezes fail to allege facts to show they have statutory standing to assert any
20 claims Michael Cortez had at the time of this death.  The Court again agrees.  A person
21 has statutory standing to bring a survival action only if he or she is "the decedent's
22 successor in interest," see Cal. Code Civ. Proc. § 377.30, i.e., a person who is "the
23 beneficiary of the decedent's estate" or, alternatively, a person who otherwise "succeeds
24 to a cause of action," see Cal. Code Civ. Proc. § 377.11.  The Cortezes do not allege any
25 facts to support a finding that either is a "beneficiary of the decedent's estate," which, in
26 this instance, requires a showing that Michael Cortez "died leaving a will" in which either
27 or both succeed to a cause of action he had at the time of his death.  See Cal. Code
28 //

Civ. Proc. § 377.10(a).[3]  Nor do the Cortezes allege facts to support a finding that, in some other manner, they "succeed[ed]" to any claims Michael Cortez had at the time of his death, see Cal. Civ. Proc. Code § 377.11, one example being that they are beneficiaries "under the terms of [a] trust instrument" so providing, see Brown v. Gordon, 2022 WL 2391002, at 3 (N.D. Cal. July 1, 2002).

Accordingly, the motion to dismiss is hereby GRANTED, and the Third Amended Complaint is hereby DISMISSED.  The Court will afford the Cortezes an opportunity to file a Fourth Amended Complaint for purposes of curing the above-discussed deficiencies.  If the Cortezes wish to file a Fourth Amended Complaint, they shall do so no later than September 20, 2024.

**IT IS SO ORDERED.**

Dated: August 21, 2024

MAXINE M. CHESNEY
United States District Judge

---

[3] If Michael Cortez "died without leaving a will," see Cal. Civ. Proc. Code § 377.10(b), the Cortezes cannot, as a matter of law, be the "beneficiary" of his estate, as, according to the TAC, Michael Cortez was unmarried and had children at the time of his death.  See Cal. Prob. Code § 6402(a)-(b) (providing, where decedent has "no surviving spouse," decedent's "intestate estate" passes to his "parents" only where there is "no surviving issue").